IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MATTHEW FLOOD,**
       **Petitioner,**

v.                                           **CIVIL ACTION No. 3:18-CV-36**
                                                             **(GROH)**

**JOE COAKLEY, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 14, 2018, Matthew Flood ("Petitioner"), proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On the same date, Petitioner paid the $5.00 filing fee. ECF No. 2.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

    **A.**     **Conviction and Sentence**

On August 19, 2011, in the Eastern District of Pennsylvania, Petitioner was convicted by a jury of one count of bank robbery and one count of possession of a firearm

---

[1] The facts are taken from Petitioner's conviction in the Eastern District of Pennsylvania, in case number 2:10-CR-596, available on PACER. Unless otherwise noted, the ECF entries in sections II.A., II.B. and II.C., refer to that criminal case. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (noting courts may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

by a convicted felon in case number 2:10-CR-596, ECF Nos. 118, 122 at 12.  By order entered on December 16, 2011, Petitioner was sentenced to 144 months for the bank robbery conviction and to 120 months for the firearm conviction.  ECF No. 130 at 2.  The sentences were ordered to be served concurrently for a total term of 144 months.  Id.

### B. Direct Appeal

A review of the docket shows that Petitioner did not file a direct appeal.

### C. Post-Conviction Relief

On August 7, 2013, Petitioner filed a pro se motion to vacate under 28 U.S.C. § 2255.  ECF No. 139.  On May 27, 2014, the District Court denied Petitioner's motion to vacate.  ECF No. 144.

### D. Instant § 2241 Petition

Petitioner filed the instant case on March 14, 2018.  ECF No. 1.  Petitioner claims that "an exonerative fact" merits the relief he requests.  ECF No. 1 at 1, 7.  As his sole ground for relief, Petitioner asserts, "By way of security, I have assigned my right to receive payment on the Treasury Warrant underlying criminal docket DPAE2:10CR000596-01.  This assignment became effective on February 20, 2018."  Id. at 5.  Petitioner further asserts that he attached an original bill of sale to his petition as "Exhibit A", however, no such attachment appears.  Id.  As relief, Petitioner states:

> I request that the Bill of Sale (FMS Form 231), be turned over to the Department of the Treasury's designated disbursing officials, (U.S. Marshal's Office), for formal processing. Furthermore, I request that the Habeas Corpus Writ be granted forthwith to formally exonerate me from liability.

Id. at 8.  It further appears that Petitioner challenges his sentence, where he stated, "I am not merely attacking the conviction."  ECF No. 1 at 9.

## III. LEGAL STANDARD

### A.     Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[2] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
  a.   The date on which the judgment of conviction becomes final;
  b.   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

3

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[3] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

---

States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[3] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

>(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
>(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
>(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

The Petition does not articulate specific grounds for relief, or specific relief which is authorized under § 2241.  However, liberally construed, his petition appears to attempt to challenge his underlying conviction and sentence in the Eastern District of Pennsylvania.  ECF No. 1 at 1, 9.  It appears that Petitioner believes he can demonstrate that his convictions for bank robbery and possession of a firearm by a convicted felon should be overturned because he possesses a "Bill of Sale" which he asserts exonerates him of criminal liability for those convictions.  Id.

5

Although Petitioner asserts that he is entitled to relief under the savings clause[4], it is clear that he is not entitled to its application. Liberally construed, it appears Petitioner challenges both his conviction and his sentence. Accordingly, this Court must first apply the Jones standard to his claims. Even if Petitioner satisfied the first and the third elements of Jones, the crimes of which Petitioner was convicted, bank robbery and possession of a firearm by a convicted felon, remain criminal offenses, and therefore, Petitioner cannot satisfy the second element of Jones. Consequently, to the extent Petitioner attacks the validity of his conviction, he fails to establish that he meets the Jones requirements, and cannot demonstrate that § 2255 is an inadequate or ineffective remedy.

Next, the Court must review a petition which contests the imposed sentence under the four-part Wheeler test. Petitioner cannot meet the second element of the Wheeler test, as any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the first, third or fourth parts of the test. To the extent that Petitioner attacks the validity of his sentence, he fails to establish that he meets all four of the Wheeler requirements. Accordingly, Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241.

The ground asserted by Petitioner under § 2241 seeks relief that is properly considered under § 2255. Because Petitioner cannot meet the savings clause of § 2255,

---

[4] In the Court-approved form, Petitioner asserts that, "The 2255 motion is inadequate for this matter because I am not merely attacking the conviction. For the exonerative fact presented, the 'Common Law' Habeas Corpus is my only remedy for relief." ECF No. 1 at 9.

Petitioner's claim may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999). "[I]f a petitioner cannot satisfy the savings clause requirements, his or her § 2241 petition 'must be dismissed for lack of jurisdiction.'" Wheeler, 886 F.3d at 423, quoting Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

Moreover, Petitioner's claim that "an exonerative fact" exists which "exonerate[s] [him] from liability" is not credible. Petitioner presents no facts or legal authority to even arguably support his claim. It appears beyond doubt that Petitioner's claims are frivolous and that there are no set of facts in support of his claims which would entitle him to relief. This court cannot reasonably read the pleadings to state a valid claim on which the Petitioner could prevail.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's application for a writ of habeas corpus pursuant to § 2241 [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 20, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE